UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAM JOSEPH PERSELL,

    Petitioner,

v.

RONALD HAYNES,

    Respondent.

Case No. 3:23-cv-05275-TSZ-TLF

ORDER DIRECTING RESPONDENT TO SUPPLEMENT ANSWER AND RENOTING ANSWER

Petitioner Adam Joseph Persell, has filed a *pro se* federal habeas petition under 28 U.S.C. § 2254, seeking relief from a 2018 state court conviction. Dkt. 6. Respondent has filed an answer arguing that the following grounds raised by petitioner are unexhausted and procedurally defaulted, and that petitioner fails to show cause and prejudice to overcome his procedural default:

1. Washington State deprived Persell of due process by improperly shifting the burden of proof to him to disprove elements of the crime through an affirmative defense.

2. Washington State deprived Persell of due process in how it crafted the entrapment defense statute which requires a defendant admit guilt before raising entrapment.

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT ANSWER AND RENOTING ANSWER -
1

  3. The trial court deprived Persell of due process by unlawfully extending or misconstruing the statute requiring the state to prove Persell made "substantial steps" to commit the crime of attempt.

  4. The state violated Persell's Fourth Amendment rights and Title III (18 U.S.C. § 2510) by improperly obtaining and using electronic surveillance.

Dkt. 13 at 6 (citing Dkt. 6 at 20-36).

  Petitioner, in response to the answer, emphasizes that the issues he raises in his petition all "relate to the ineffective assistance of counsel." Dkt. 17 at 2, 5.

  The Court has closely reviewed petitioner's federal habeas petition, which incorporates and relies upon the claims raised in his "motion to modify the commissioner's ruling denying discretionary review" filed in his personal restraint petition proceeding. Dkt. 6. The petition appears to raise the following claims related to ineffective assistance of counsel:

  1. Trial counsel provided ineffective assistance in failing to pursue an entrapment defense and failing to argue the entrapment defense statute was unconstitutional. Dkt. 6 at 20-21, 24.

  2. Trial counsel provided ineffective assistance in failing to argue that the State improperly shifted the burden of proof to him to disprove elements of the crime through an affirmative defense, and "erroneously informed [petitioner] he must first admit to the crimes prior to allowing him the defense of entrapment." *Id.* at 20-21, 23.

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT ANSWER AND RENOTING ANSWER - 2

3. Trial counsel provided ineffective assistance in advising plaintiff not to testify on the grounds "that if he chooses to take the stand, it would open the door for the state to bring up his prior conviction." *Id.* at 20-21, 26.

4. Trial counsel provided ineffective assistance in failing to challenge the validity of the search warrant(s) for petitioner's cell phone and in failing to move to suppress evidence obtained pursuant to the search warrant(s). *Id.* at 33.

Respondent does not address these ineffective assistance of counsel claims in his answer to the petition.[1]

Accordingly, it is hereby ORDERED:

(1) Respondent is directed to supplement his answer to address the above-identified ineffective assistance of counsel claims on or before **August 5, 2024**.

(2) Petitioner may file a response to the supplemental answer on or before **August 19, 2024**.

(3) Respondent may file a reply on or before **August 26, 2024**.

(4) The Clerk is directed to re-note respondent's answer (Dkt. 13) to **August 26, 2024**.

Dated this 8th day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge

---

[1] The Court notes that these claims are not specifically denominated as separate "Grounds" in the petition. *See* Dkt. 6. However, petitioner does appear to assert arguments related to these claims in the body of the petition and his reply emphasizes that he intends to raise ineffective assistance of counsel claims. Accordingly, construing the petition liberally in light of petitioner's *pro se* status, the Court finds petitioner has adequately raised these claims in his petition and it is appropriate for respondent to address them.

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT ANSWER AND RENOTING ANSWER - 3